## Case No. 11,317.

### POTOMAC CO. v. GILMAN.

[2 Cranch, C. C. 243.] [1]

Circuit Court, District of Columbia. May Term, 1821.

SECURITY FOR COSTS — RESIDENT OFFICER OF FOREIGN CORPORATION.

A corporation aggregate, whose president and treasurer reside in this district, cannot be compelled to give security for costs, as being non-resident plaintiffs.

The defendant [E. Gilman] had obtained a rule on the plaintiffs to give security for costs under the act of Virginia of the 19th of December, 1792 (section 23). The clerk objected to swearing the jury until security should be given.

THE COURT, without argument, decided (nem. con.) that the rule could not be laid in such a case. The president and treasurer of the company reside in this district, and the company may be sued here.

## Case No. 11,318.

### POTOMAC CO. v. UNION BANK.

[3 Cranch, C. C. 101.] [1]

Circuit Court, District of Columbia. May, 1827.

INTEREST—RECOVERY AFTER PAYMENT OF PRINCIPAL.

After the plaintiff has received the principal debt, he cannot recover the interest in an action for principal and interest.

Assumpsit for money had and received. The defendants had refused to pay money deposited by the plaintiffs, whereby the defendants had incurred the penalty of twelve per cent. interest for 106 days, at the end of which period they paid the actual sum deposited with simple interest at six per cent. The balance claimed was $210.49. But before the defendants paid the deposit, the plaintiffs brought suit for the whole deposit, with twelve per cent. interest. The defendants refused to pay the twelve per cent., but paid the principal, which the plaintiffs received.

R. S. Coxe, for defendants, cited Tillotson v. Preston, 3 Johns. 229, and prayed the court to instruct the jury that if they should be satisfied, by the evidence, that the payment was made by the defendants, as and for the principal, the plaintiffs cannot recover the interest in this form of action.

Mr. Jones, and Mr. Key, for plaintiffs, admitted this to be the rule of law, and THE COURT gave no opinion.

By the act of congress of March 2, 1821 (3 Stat. 618), "To extend the charters of certain banks in the District of Columbia," if the bank refuses to pay a deposit, on demand, the depositor is "entitled to receive and recover interest on the same at the rate of twelve per cent. per annum."